**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0018n.06
Filed: January 8, 2008

**No. 06-4177**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| HAI QING WANG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) PETITION FOR REVIEW OF AN |
| | ) ORDER FROM THE BOARD OF |
| | ) IMMIGRATION APPEALS |
| MICHAEL B. MUKASEY, UNITED STATES | ) |
| ATTORNEY GENERAL, | ) |
| | ) |
| Respondent. | |

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Hai Qing Wang petitions this court for review of the Board of

Immigration Appeals' (BIA) order adopting and affirming the Immigration Judge's (IJ) decision that

Wang failed to satisfy the burden of proof for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT). Wang argues the BIA erred in dismissing his appeal

because he established past persecution based on a political opinion and a well-founded fear of future

persecution. Because Wang's actions constitute political activity, we **GRANT** the petition for

review, **VACATE** the order below, and **REMAND** to the BIA for further proceedings.

**I. BACKGROUND**

Wang is a native and citizen of the People's Republic of China. At his asylum hearing, he

testified he worked at a state-owned factory in China in 2001. He offered proof that the factory's

directors appropriated state property and profits during privatization, and as a result the workers' wages and benefits were cut and ultimately bought out at a cut-rate price. Wang testified 80% of the factory's workers lost their jobs.

Wang testified he and like-minded co-workers lodged written complaints with the city's industrial officials about the corrupt nature of the privatization. He was instrumental in organizing a protest on March 1, 2002. He testified about 1,000 terminated workers participated and demanded their jobs back, an end to corruption, and an end to terminations. He met with city officials as a representative of the protestors.

On March 4, 2002, three police officers came to his residence to arrest him for inciting chaos. The officers interrogated him, severely beat him, and threatened to kill him if he did not name the organizers of the protest. He was released on March 7, 2002, after he signed a statement that he would have no contact with other workers or organize future protests. He then drove to a hospital where he was treated. He testified he did not return to his residence, and he hid in China until April 21, 2002, when he left for the United States.

The IJ denied asylum and noted he had concerns about Wang's credibility but concluded that, even if credible, Wang failed to demonstrate a nexus between the persecution or torture he suffered and a political opinion. The IJ ruled alternatively that, if Wang did demonstrate a nexus, his claim still failed because he lacked a well-founded fear of persecution. The IJ ruled Wang did not qualify for withholding because he failed to prove a clear probability of persecution based on a political opinion. The IJ denied relief under CAT because Wang failed to produce reliable evidence he was tortured in China or it was more likely than not he would be tortured should he return. The BIA

summarily affirmed the IJ's decision, concluding that, even if credible, Wang failed to demonstrate

a nexus between mistreatment and a political opinion.

## II. DISCUSSION

We review the IJ's decision directly because it was summarily affirmed by the BIA.

*Mapouya v. Gonzales*, 487 F.3d 396, 405 (6th Cir. 2007) (citing *Gilaj v. Gonzales*, 408 F.3d 275,

283 (6th Cir. 2005)). We apply the substantial evidence standard, and the findings of the IJ will not

be disturbed unless the record compels this court to do so. *Id.* at 405-406. In this case, the record

compels reversal because, if credible, Wang has demonstrated a nexus between his persecution and

a political opinion.

"[A] number of courts have held that opposition to government corruption can constitute

political opinion under particular circumstances," and "whistleblowing against corrupt government

officials may constitute political activity." *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004).

These "particular circumstances" will not exist if a petitioner merely offers proof he had a particular

political opinion. *Bu v. Gonzales*, 490 F.3d 424, 429 (6th Cir. 2007) (citing *Marku*, 380 F.3d at 986).

Wang must demonstrate he "'was persecuted *on account of* or *because of* the political opinion.'"

*Id.* at 429-430 (emphasis in original) (quoting *Marku*, 380 F.3d at 986). Thus, he must show his

actions were based on a political opinion, and his persecutors interpreted his actions as such. *Id.* at

430 (citing *Marku*, 380 F.3d at 987).

Wang has done so. First, he offered proof he publicly acted against corrupt government

activity. *Id.* at 430; *cf. Marku*, 380 F.3d at 987 (noting the petitioner failed to "claim that she ever

publicly opposed corruption"). Second, he testified the police interrogated him about who organized

the protest, tortured him when he failed to provide satisfactory answers, and coerced him into signing a statement that he would take no part in future protests. This is evidence the police persecuted him because of his political activity. *Bu*, at 490 F.3d at 430; *cf. Marku*, 380 F.3d at 986-987 (concluding "[the petitioner]'s testimony may suggest that, as an ideological matter, she was opposed to government corruption, but she presents no evidence that any of her actions were ideologically motivated or that . . . her alleged persecutor[] perceived them as such").

The record also compels reversal of the IJ's alternative ruling that Wang lacked a well-founded fear of future persecution. Wang's proof of past persecution based on political opinion creates a presumption of a well-founded fear of future persecution. *Mapouya*, 487 F.3d at 412 (citing *Filipi v. Gonzales*, 127 F. App'x 848, 852 (6th Cir. 2005)). The government may rebut this presumption by showing changed conditions in China, *id.* (citing *Filipi*, 127 F. App'x at 852), but, in this case, the government made no effort to rebut the presumption.

Thus, the record compels the conclusion that Wang had a political opinion, acted on the opinion, and was persecuted because of it. Accordingly, his asylum and withholding of removal claims are remanded to the BIA.

In determining whether a petitioner is entitled to CAT protection, the IJ must consider (1) evidence of past torture, (2) evidence the petitioner can move to another part of the country where he will not be tortured, (3) evidence of human rights violations within the country of removal, and (4) "other relevant information regarding conditions in the country of removal." *Id*. at 414-415 (citing *Ali v. Reno*, 237 F.3d 591, 596-597 (6th Cir. 2001)). The IJ summarily dismissed Wang's CAT claim, noting Wang only introduced one document corroborating his torture. However, an IJ

may not dismiss a CAT claim solely because a petitioner's testimony is not corroborated with medical evidence. *Id.* at 415. Wang's claims "of torture are not automatically incredible simply for failure to produce corroborating documentary evidence." *Singh v. Ashcroft*, 398 F.3d 396, 406 (6th Cir. 2005) (citing 8 C.F.R. § 208.16(c)(2)). Accordingly, Wang's CAT claim is remanded so that the IJ may make inquiries regarding the four factors outlined in *Mapouya*, 487 F.3d at 415.

Finally, the IJ noted he had "grave concerns" with Wang's credibility and highlighted several inconsistencies in Wang's proof. But the IJ did not specifically find any part of Wang's testimony incredible or any specific piece of documentary proof incredible. On remand, the IJ should make findings about which aspects of Wang's proof, if any, are incredible.

For the forgoing reasons, we **VACATE** the order of the BIA and **REMAND** for further proceedings.

**PETITION GRANTED.**